In the Matter of **FIRST RESEARCH CORPORATION** et al., Debtor,

Palm Telephone Service, Inc., Debtor.

Robert P. FOREMAN, as Trustee of the Estate of First Research Corporation, Debtor, et al., Plaintiffs-Appellants,

v.

CALTRONICS, INC., Defendant-Appellee.

No. 30797.

United States Court of Appeals, Fifth Circuit.

May 18, 1971.

2. Ehlert v. United States, 402 U.S. 99, 107, 91 S.Ct. 1319, 1325, 28 L.Ed.2d 625 (1971).

John H. Gunn, Phillip Schiff, Ira Abrams, C. Peter Buhler, Gunn & Venney and William Dawes, Miami, Fla., for debtors-appellants.

Akerman, Senterfitt, Eidson, Mesmer, Robbinson & Wharton, Thomas T. Ross, Orlando, Fla., Palmer & Lazar, Bruce E. Lazar, Miami, Fla., for defendant-appellee.

Before WISDOM, BELL, and AINSWORTH, Circuit Judges.

WISDOM, Circuit Judge:

Robert P. Foreman, trustee, and First Research Corporation and Palm Telephone Service, Inc., debtors, appeal from an order of the district court sustaining the exceptions of Caltronics, Inc., to a special master's report denying Caltronics standing to contest a Chapter X reorganization petition filed by Palm Telephone. We affirm and remand the case to the district court for further proceedings consistent with this opinion.

The controversy began on November 11, 1969, when Caltronics obtained a judgment against First Research in the amount of $55,044.19. At the time, First Research apparently did not have enough ready cash or other liquid assets to satisfy the judgment. Therefore, to keep Caltronics from executing its judgment, First Research agreed to assign to Caltronics its interest in the stock of Palm Telephone, as well as its interests in certain other corporations. The assignment was made with an option in First Research to redeem the assigned stock if it paid the judgment owing to Caltronics within 45 days. If the judgment were not paid in 45 days, First Research apparently would lose all right, title, and interest in the Palm Telephone stock.

On December 30, 1969, George J. Waas, Secretary-Treasurer of First Research, prepared the assignment, had it signed by First Research's Executive Vice-President, and forwarded it to Caltronics. The document, however, failed to include the Palm Telephone stock. Following Caltronics' threat to execute its judgment, Waas prepared and addendum to the original assignment, which included in the assignment 185,133 shares of Palm Telephone stock.

First Research then filed in a federal district court a Chapter XI petition for arrangement; on March 2, 1970, however, First Research amended its petition to apply for a Chapter X reorganization. Shortly thereafter, Palm Telephone filed a separate Chapter X petition. The court ordered the petitions consolidated and appointed Foreman, the First Research trustee, as trustee for Palm Telephone.

Caltronics filed an answer to the petition of Palm Telephone asserting some nine objections. In addition Caltronics alleged that it had standing to answer and contest the Palm Telephone petition by virtue of its legal or beneficial interest in the majority block of Palm Telephone stock.

The court referred the case to a special master. Following a hearing, the special master concluded that Caltronics had "no standing under § 137 of the

Bankruptcy Act to challenge the Chapter X Petition filed on behalf of" Palm Telephone and recommended that Caltronics' answer therefore be dismissed. Caltronics then filed with the court its exceptions to the special master's report.

The court sustained Caltronics' exceptions, stating:

. Upon consideration, this Court finds, that, regardless of the 45 day provision in the written contract between First Research and Caltronics, Caltronics, as of the date of filing of the Chapter XI petition, had standing to challenge the sufficiency of the Chapter X petition. There was a legally effective transfer of the ownership of the Palm Telephone stock from First Research to Caltronics. Caltronics had actual ownership of the subject stock as of February 10, 1970. * * * Therefore, it is

ORDERED and ADJUDGED that Caltronics' exceptions to the Master's Report are sustained in reference to Caltronics' standing to challenge the Chapter X petition.

The court then sent the case back to the special master to consider the challenges raised by Caltronics to the sufficiency of Palm Telephone's Chapter X petition.

Foreman, the trustee, and First Research and Palm Telephone, the debtors, have appealed from the court's order, which they construe as having decided in favor of Caltronics the issue of the ownership of the Palm Telephone stock. On appeal therefore they argue that the assignment of the Palm Telephone stock created merely a security interest and that Caltronics had not taken the steps required under Florida law to convert its security interest into an ownership interest. Alternatively, the appellants contend that if the assignment was not a security device but did transfer ownership, it was voidable as a preferential transfer under § 60 of the Bankruptcy Act and the laws of Florida.

The appellants have misconceived the issue before the Court. The issue is not whether there was a preferential transfer in violation of §§ 60 and 70 of the Bankruptcy Act, but whether the district court correctly ruled that Caltronics had standing to contest the filing of a Chapter X petition by Palm Telephone. In its order, in part set out above, the district court held only that *for purposes of standing* there had been an effective transfer of the Palm Telephone stock from First Research to Caltronics. The court did not decide whether the parties intended to create a security interest or that the transfer was not a voidable preference. The court merely held that whatever interest was created by the transfer—security or legal or beneficial ownership—that interest gave Caltronics the right to come into the Bankruptcy court and contest Palm Telephone's Chapter X petition. We agree and affirm the judgment of the district court.

In taking this view of the district court's holding we are in the happy position of being able to satisfy—for the moment at least—all the parties. In its brief and oral argument, and by letter to the Court, Caltronics has itself consistently maintained that the district court meant to hold only that Caltronics had standing to object to Palm Telephone's petition. On this appeal Caltronics asked the Court to affirm that holding. This we have done. Moreover, on oral argument the appellants themselves appeared to have been persuaded of the correctness of our view. That is of course because our holding leaves them now free to institute plenary proceedings under the appropriate sections of the Bankruptcy Act and the laws of Florida to adjudicate the question of ownership of the Palm Telephone stock.

Since there is nothing further for us to decide at this time, we remand the case to the district court for further proceedings consistent with this opinion. Presumably this means that the special master will now consider Caltronics' objections to the sufficiency of the Palm Telephone petition.

Affirmed and remanded with instructions.